## NEGLIGENT RUNNING OF CARS AT STREET CROSSINGS.

Circuit Court of Clermont County.

THE INTERURBAN RAILWAY & TERMINAL COMPANY v. JOHN M. HINES, ADMINISTRATOR.

Decided, June 1, 1910.

*Passenger Alighting from Electric Car—Fatally Injured by Car of Another Company—Duty of Car Companies Toward Persons at Street Crossings—Negligence—Presumption as to Looking and Listening.*

An interurban car company, entering a municipality over the tracks of another company, is bound by the rules of that company with reference to the speed of cars at crossings; and where it appears that due care was not exercised the interurban company is liable for striking a passenger alighting from one of the cars of such other company.

*Prescott Smith* and *D. W. Murphy,* for the administrator.
*Frank F. Dinsmore,* contra.

The plaintiff below in the above entitled case brought suit in the common pleas court of this county for damages on account of the death of his wife, who was struck and fatally injured by an in-bound interurban car as she alighted from an out-bound car of the Cincinnati Traction Company.  The case was removed to Clermont county for trial, where a verdict was returned for the husband of $3,000.  Error was prosecuted to the circuit court by the interurban company, and the following opinion in the case has been filed in that court:

By the Court.

From a consideration of the evidence as disclosed by the record in the above case, the court is of the opinion that the judgment of the trial court should be affirmed.

The act of negligence charged against the railway company in the petition are fully sustained by the evidence, and we do not think that there is anywhere disclosed contributory negligence upon the part of the decedent.  From all the circumstances surrounding the decedent at the time she was struck by the car of plaintiff in error, it would seem that the railway company did not exercise the care that it should.

The congestion of the cars on the outbound track, the lack of warning either by headlight or sounding of the gong, together with the speed at which the interurban car was proceeding, as well as the fact that the night was dark, would seem to indicate that the care necessary under the existing conditions was not taken by the servants of the railway company.

While the decedent was not a passenger upon the car of the plaintiff in error company, yet we think the rule laid down in the case of *Street Railway Company* v. *Snell,* 54th O. S., 197, might well apply to the case at bar, for the railway company, in operating its cars upon the line of the Cincinnati Traction Company, seems to us would be bound by the rules of that company applicable to the speed of running of cars at a crossing; but beyond this, under the circumstances of the present case, it was the duty of the railway company to have approached the point of accident with due care, as it owed this ordinary care to any pedestrian who might wish to cross the street.

As to whether or not the decedent stopped, looked and listened before attempting to cross the track of the railway company, we are not prepared to say but that she did, and she at least had the right to assume that the plaintiff company in the handling of its car would exercise ordinary care towards her at this particular time and place under all circumstances. But if the evidence would not justify such an inference and was wholly lacking upon this point, there is the legal presumption in her favor that she did look and listen. *B. & P. R. R. Co.* v. *Landrigan,* 191 U. S., 461.

The court is of the opinion, therefore, that decedent was not guilty, either in fact or law, of contributory negligence, and as the amount of damages assessed by the trial court is not excessive the judgment will be affirmed.